# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN WEBSTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-66-SDD-EWD** |
| **JASON ARD, ET AL.** | |

### RULING AND ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY

Before the Court is a Motion to Stay Discovery (the "Motion"), filed by defendants Jason Ard, Sheriff of Livingston Parish, State of Louisiana ("Sheriff Ard") and Deputy Jim Brown ("Deputy Brown").[1] Sheriff Ard and Deputy Brown seek a stay of discovery in this matter pending resolution of their pending Motion to Dismiss[2] or resolution of the related criminal proceedings currently pending against Plaintiff in state court. Sheriff Ard and Deputy Brown also seek a stay of these proceedings pending resolution of the underlying state court criminal proceedings. Any opposition to this Motion was required to be filed within 21 days after service of the Motion. LR 7(f). More than 21 days have passed since the filing of the Motion and plaintiff Brian Webster has not filed an opposition as of the date of this Ruling and Order. The Motion is therefore unopposed.

For the reasons that follow, the Motion to Stay is **GRANTED** and this matter is **STAYED** pending resolution of the related criminal proceeding pending in state court.[3] It is further **ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

---

[1] R. Doc. 7.
[2] R. Doc. 6.
[3] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof. *See, Boyd v. Occidental Fire & Casualty Co. of North Carolina*, Civ. A. No. 10-0672, 2011 WL 4062383, at *1 n.1 (M.D. La. Sept. 13, 2011).

I.  **Background**

On or about December 28, 2017, Plaintiff filed a Petition for Damages against Jim Brown in his capacity as Livingston Parish detective/deputy, Jason Ard in his capacity as Sheriff of Livingston Parish, and Livingston Parish (collectively, "Defendants") in the Twenty-First Judicial District Court, Livingston Parish, Louisiana.[4]  In the Petition, Plaintiff seeks monetary damages under 42 U.S.C. § 1983 and Louisiana law, asserting that he was arrested without probable cause and incarcerated on December 30, 2016 and January 7, 2017, and wrongfully charged with domestic abuse and two violations of a protective order that was issued on November 29, 2016.[5]  As of the date Plaintiff filed the Petition, "the Protective Order and alleged protective order violations" were set for trial on March 6, 2018."[6]

On January 26, 2018, Sheriff Ard and Deputy Brown removed the matter to this Court on the basis that the Court has original jurisdiction over the claims attempted to be asserted by Plaintiff arising under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331.[7]  Sheriff Ard and Deputy Brown further assert that the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

On February 23, 2018, Sheriff Ard and Deputy Brown filed a Motion to Dismiss Pursuant to Rule 12(b)(6), seeking an order dismissing all of Plaintiff's claims asserted against them.[8]  In the Motion to Dismiss, Sheriff Ard and Deputy Brown assert that Plaintiff's claims should be dismissed for failure to state a claim and because Sheriff Ard and Deputy Brown are entitled to

---

[4] R. Doc. 1-2.
[5] R. Doc. 1-2 at ¶¶ 4, 5, 11 & 12.
[6] R. Doc. 1-2 at ¶ 8.
[7] R. Doc. 1 at ¶ 10.
[8] R. Doc. 6.

qualified immunity with respect to the individual capacity claims asserted against them.[9] The Motion to Dismiss is currently pending before the District Judge.

On February 27, 2018, Sheriff Ard and Deputy Brown filed the instant Motion to Stay Discovery, asking the Court to stay discovery pending resolution of their Motion to Dismiss or resolution of the criminal charges pending against Plaintiff in state court as a result of Plaintiff's alleged violation of the November 29, 2016 protective order, whichever is later.[10] Sheriff Ard and Deputy Brown contend that if Plaintiff is ultimately convicted of the criminal charges, all of Plaintiff's claims will be barred by the *Heck* doctrine, which prohibits civil rights actions that would necessarily imply the invalidity of Plaintiff's criminal conviction.[11] According to Sheriff Ard and Deputy Brown, at the time they filed the instant Motion, the criminal matter was set for trial on March 6, 2018.[12]

On March 29, 2018, the parties filed a Joint Status Report, as Ordered by the Court.[13] The Joint Status Report[14] indicates certain of the underlying criminal charges have been tried (with a motion for new trial pending) and others are set for trial in May 2018.

**II.     Law and Analysis**

In *Heck v. Humphrey*, the Supreme Court held that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The Supreme Court further held, "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

---

[9] R. Doc. 6-1 at pp. 5, 17. While no opposition has been filed to the Motion to Dismiss, Plaintiff sought and was granted an extension of the deadline in which to file an opposition. *See*, R. Docs. 9 & 16.
[10] R. Doc. 7 at p. 1; R. Doc. 7-1 at p. 2.
[11] R. Doc. 7-1 at p. 2 (citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)).
[12] R. Doc. 7-1 at pp. 1-2 (*citing* R. Doc. 1-2 at ¶ 8).
[13] R. Doc. 11.
[14] R. Doc. 14.

invalidated." *Id*. Thus, "A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citing *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994)). Further, "[T]he *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges." *Collier v. Roberts*, Civ. A. No. 13-425, 2013 WL 5671154, at *2 (M.D. La. Oct. 15, 2013) (citing *Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S.Ct. 1091, 1097-98 (2007)). In *Wallace*, the Supreme Court held:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

549 U.S. at 393-94, 127 S.Ct. at 1098. The Supreme Court further held that, "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394, 127 S.Ct. at 1098 (citing *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S. at 487, 114 S.Ct. 2364).

In the instant case, the parties have represented to the Court that there is a criminal case pending against Plaintiff in state court based upon Plaintiff's arrests on December 30, 2016 and January 7, 2017 for Plaintiff's alleged violation of the underlying protective order on December 20, 2016 and December 30, 2016.[15] These are the same arrests that form the basis of Plaintiff's Complaint in this matter.[16] Because Plaintiff filed a Complaint alleging he was unlawfully arrested

---

[15] R. Doc. 14.
[16] *See*, R. Doc. 1-2 at ¶¶ 2, 4, 5 & 12.

and incarcerated without probable cause before any conviction on the underlying criminal charges, the Court finds that a stay of this action is appropriate pending the resolution of Plaintiff's criminal charges in state court pursuant to *Wallace v. Kato*, 549 U.S. at 393-94, 127 S.Ct. at 1097-98. "[F]ederal courts are authorized to stay civil rights claims attacking the legality of a plaintiff's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded." *Iberia Texaco Food Mart, LLC v. Ackal*, Civ. A. No. 6:12-1450, 2013 WL 166396, at *2 (W.D. La. Jan. 14, 2013) (citing *Wallace*, 549 U.S. at 393-94, 127 S.Ct. at 1098). "In accordance with that authorization, district courts within the Fifth Circuit . . . have routinely stayed civil rights actions when criminal charges remain pending." *Iberia Texaco Food Mart, LLC*, 2013 WL 166396, at *3.[17] As such, the Court finds that a stay of all proceedings is warranted in this case until the underlying criminal case is resolved.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Stay Discovery filed by defendants Sheriff Ard and Deputy Brown[18] is **GRANTED**, and this action is **STAYED** in its entirety until the criminal proceedings against Plaintiff are completed, subject to the following condition: within thirty (30) days of the date all state court criminal proceedings have concluded, Plaintiff shall file a motion asking this Court to lift the stay. The action will proceed at that time, absent some other bar to suit. *See, Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

---

[17] *See, Pellerin v. Neustrom*, Civ. A. No. 6:11-0776, 2011 WL 6749019 (W.D. La. Dec. 22, 2011); *Hood v. Smith*, Civ. A. No. 10-4343, 2011 WL378786, at *3-4 (E.D. La. Jan. 11, 2011); *Quinn v. Guerrero*, Civ. A. No. 4:09CV166, 2010 WL 412901, at *2 (E .D. Tex. Jan. 28, 2010); *Fox v. Campbell*, Civ. A. No. 6:09cv75, 2009 WL 1076809 (E.D. Tex. Apr. 21, 2009); *Holt v. Jefferson Parish Sheriff's Office*, Civ. A. No. 09-3606, 2007 WL 4114357, at *5-6 (E.D. La. Nov. 16, 2007); *Profit v. Ouachita Parish*, Civ. A. No. 09-1838, 2010 WL 1643800 (W.D. La. Apr. 21, 2010); *Caldwell v. Lambert*, Civ. A. No. 3:10-cv-0526, 2010 WL 3036488 (W.D. La. Aug. 2, 2010); *Brown v. Hill*, Civ. A. No. 09-2170, 2010 WL 1734721 (W.D. La. Apr. 28, 2010).
[18] R. Doc. 7.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

Signed in Baton Rouge, Louisiana, on April 5, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**